IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIZZIE M. WATKINS,<br><br>   Plaintiff,<br><br>v.<br><br>CSA EQUIPMENT COMPANY, LLC,<br><br>   Defendant. | CASE ACTION 20 – 244 |

## COMPLAINT

Comes now the Plaintiff Lizzie M. Watkins, and files this Complaint against the Defendant as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment.

The Plaintiff institutes this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq., as amended by the Civil Rights Act of 1991.

This Court has federal-question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343. In addition, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments.

Pursuant to 28 U.S.C. Section 1391(b), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, wherein the Plaintiff resides and where all adverse actions against the Plaintiff occurred.

## II
## **PARTIES**

1. Plaintiff is female, and has been an employee of the Defendant since 2010, when she was hired as a Warehouse Worker assigned to the Alabama State Docks.

2. Defendant CSA Equipment Company LLC is a limited liability company based in Mobile, Alabama, and engaged in the interstate and international transportation of freight from the Alabama State Docks/Port of Mobile.  On a daily basis the Defendant employs over 100 full-time employees, and is therefore, a covered employer under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

## III
## **FACTUAL ALLEGATIONS**

3. On or about September 13, 2018, Plaintiff was terminated by the Defendant for allegedly failing to report an on-the-job accident.

4. Later, when Plaintiff was successful in proving that she did in fact report the accident immediately after it occurred, the Defendant changed the stated reason for Plaintiff's termination contending that the accident itself was the reason for Plaintiff's termination.

5. Plaintiff challenged her termination through a union grievance and was successful in gaining reinstatement. However, the Defendant has failed or refuses to pay Plaintiff the wages she loss due to Defendant's unlawful actions.

6. Plaintiff contends that Defendant's actions are discriminatory because male employees have been involved in similar accidents, and in some cases, more serious accidents, but did not suffer termination as a result of their actions.

7. Plaintiff contends that the Defendant treats female employees differently than male employees even though they have engaged in the same conduct, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

## IV

### EXHUASTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a timely Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission, and now files this Compliant within Ninety (90) days of receiving his Notice of Rights. Therefore, Plaintiff has exhausted his administrative remedies.

## COUNT I

Because of its actions as outlined above the Defendant has engaged in unlawful employment discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that the Defendant has engaged in unlawful discrimination base on set as set out in Count I above;

(b) Award Plaintiff all back pay and benefits she is entitled from the date of her termination up until the date of her reinstatement;
multiple distinct jobs he has been performing.

(c) Award Plaintiff reasonable compensatory and punitive damages in the amount of $300,000 for having to suffer the humiliation, stress, and embarrassment of this unlawful treatment; and,

(d) Award all costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

        Respectfully Submitted,


        <u>*/s/ Ronnie L. Williams*</u> (WILLR6024)
        Williams & Associates
        814 St. Francis Street
        Mobile, Alabama 36602
        (251) 432-6985 (Tel.)
        (251) 432-6987 (Fax)
        rwilliams@williams-llc.com